### SEFF v. GENERAL OUTDOOR ADVERTISING CO., Inc. et al.
### Civ. No. 25967.

United States District Court
N. D. Ohio, E. D.
Sept. 12, 1950.

See, also, D.C., 11 F.R.D. 598.

Samuel T. Gaines, Cleveland, Ohio, Carl M. Myers, Akron, Ohio, for plaintiff.

Raymond T. Jackson, Cleveland, Ohio, for General Outdoor Advertising Co.

Fred J. Perkins and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, for Outdoor Advertising, Inc.

Ernest Scott, Philadelphia, Pa., for Central Outdoor Advertising Co., Inc.

JONES, Chief Judge.

This is a private anti-trust action. Plaintiff asked for and received leave to file an amended complaint and add a new party defendant. This new defendant, Central Outdoor Advertising Company, now moves to dismiss this action as to it because the complaint fails to state a claim upon which relief can be granted.

In deciding such motions the complaint must be construed in the light most favorable to the party opposing the motion. Plaintiff in paragraph 11 of the complaint charges all defendants with monopolizing interstate trade and with conspiracy among themselves to place unlawful restraints upon trade and commerce among the several states with such illegal conspiracy being directed against plaintiff. This charge alone states in bare outline the claim against defendant Central and is sufficient to warrant denial of the motion.

But plaintiff has expanded on this charge and it appears, reading the complaint in the light most favorable to plaintiff, that defendant General Outdoor Advertising Company and Central are two of the major outdoor advertising companies in the Country. While General owns a substantial part of the stock of Central, General and Central's areas of business are noncompetitive. However, plaintiff and General do compete in the Akron area. Central, when it contracts for use of its advertising space with national advertisers, insists that these national advertisers use General's facilities in the areas outside of Central's operating area or be denied the use of Central's facilities. Under such a contractual exaction, if true, General and Central effectively can and do exclude plaintiff from doing business with the national advertisers,

the alleged life-blood of the outdoor advertising business; and if it can be proved, has the appearance of a violation of the antitrust acts.

It is my judgment that this motion must be denied.